UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| D'ANDRE HARRIS, | |
| Plaintiff, | |
| v. | CASE NO. 1:24-CV-497-HAB |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff D'Andre Harris ("Harris") filed his initial Complaint in this case against Defendant General Motors, LLC ("General Motors") on November 21, 2024, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended ("Title VII"); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), and 42 U.S.C. § 1981, as amended. (ECF No. 1). General Motors filed a motion to dismiss Harris's Title VI claim as well as his Title VII claim, to the extent it is based on ancestry or national origin, on January 24, 2025 (ECF No. 13). The Court granted the motion, dismissing Harris's Title VII claim, to the extent based on ancestry or national origin, with prejudice and dismissing Harris's Title VI claim without prejudice, granting Harris leave to replead his Title VI claim by filing an amended complaint. (ECF No. 36). Harris filed his amended complaint on July 14, 2025. (ECF No. 39). General Motors now moves to dismiss Count III of Harris's Amended Complaint—his re-pleaded Title VI claim. (ECF No. 41). The parties have fully briefed the motion (ECF Nos. 41, 43, 44), making it ripe for consideration. For the reasons below, the motion will be DENIED.

I.  **BACKGROUND**

In May 2013, General Motors hired Harris, an African-American man, as a line member. (ECF No. 39, ¶ 12). In 2015, he became a Supervisor, and was transferred to General Motors' Fort Wayne Assembly Division in 2018. (*Id.* ¶¶ 13-14). Harris became a full-time Supervisor at General Motors' Wentzville Assembly Division in 2020. (*Id.* ¶ 15). And in 2022, Harris was promoted to Chassis/Final Business Manager at its Fort Wayne Assembly Division. (*Id.* ¶ 16). From 2013 until January 2024, Harris "had never been in trouble with [General Motors.]" (*Id.* ¶ 17).

Then, in January 2024, Harris received an email discussing an investigation into a sexual harassment complaint that another General Motors employee made about him. (*Id.* ¶¶ 19, 21). Harris briefly spoke with General Motors' personnel and denied the allegations. (*Id.* ¶ 20). Without any further contact or information about the investigation, General Motors' terminated Harris on February 1, 2024. (*Id.* ¶¶ 20, 28-30).

From there, as required for a discrimination claim under Title VII, Harris took his grievances before the Equal Employment Opportunity Commission, alleging "discrimination based on race." (*Id.* ¶ 10). Once he "received his Dismissal and Notice of Rights[,]" he sued General Motors in this forum. (*Id.*).

General Motors first answered the complaint and then filed a motion to dismiss Harris's Title VI claim, as well as Harris's Title VII claim, to the extent it was based on ancestry and/or national origin discrimination.[1] The Court granted the motion. First, it agreed with General Motors and found that Harris had not satisfied the exhaustion requirement for his Title VII claim, to the extent premised on discrimination based on ancestry or national origin, as Harris's EEOC charge

---

[1] The Court construed this motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

2

made no mention of such discrimination. *See* ECF No. 36 at 6-9. For that reason, it dismissed Harris's Title VII claim, with prejudice, to the extent that Harris asserted he was discriminated against based on his ancestry and/or national origin. (*Id.* at 9). The Court also granted General Motors' motion as to Harris's Title VI claim, finding that Harris had failed to sufficiently allege a Title VI violation. (*Id.* at 9-15). However, the Court granted Harris leave to replead his Title VI claim, allowing him fourteen days to file an amended complaint. (*Id.* at 14-15).

Harris timely filed an amended complaint, and General Motors responded with a renewed motion to dismiss Harris's Title VI claim, which is the subject of this opinion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any part of it, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss a claim under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**III.   DISCUSSION**

As the Court explained in its prior opinion, a claim of employment discrimination under Title VI has three elements: "(1) [the defendant] is a recipient of federal funds; (2) the federal funds are used to provide employment; and (3) [the defendant] discriminated against [the plaintiff] in his employment on the basis of his [race]." *Crow Dog v. City of Indianapolis*, 2005 WL 643363, at *5 (S.D. Ind. Mar. 18, 2005) (citing *Ahern v. Bd. of Educ. of Chicago*, 133 F.3d 975, 976-78 (7th Cir. 1998)). The Seventh Circuit emphasizes that the primary purpose of the federal aid at issue must be to provide employment. *See Doe ex rel. Doe v. St. Joseph's Hosp. of Fort Wayne*, 788 F.2d 411, 419 n.12 (7th Cir. 1986). It is that element—that the primary objective of the federal funding is to provide employment—that the Court found Harris had failed to allege.

In his Amended Complaint, in addition to numerous minor changes to the allegations in the original complaint, Harris made the following substantive changes to the allegations regarding the federal funding at issue in his Title VI claim:

> Original Paragraph 32: Defendant is a recipient of funding in the form of grants including but not limited to grants from the Department of Energy in the amount of $271.06 million, $476.4 million from Department of Health and Human Services-Covid-19, $58.95 million from Department of Homeland Security. $2.62 million from Department of Transportation, $1.25 million from Department of Commerce, $150,000 from Environmental Protection Agency, and $26.82 million from the Department of Defense in government funding.
>
> Amended Paragraph 32: Defendant is a recipient of federal funding in the form of grants and/or loans provided by the by [sic] federal coronavirus laws including but not limited to the Cares Act for the purpose of employment of workers including but not limited to grants from the Department of Health and Human Services-Covid-19 in the amount of $476.4 billion in government funding.
>
> New Paragraph 33: The Defendant also received approximately $1.4 billion in federal pandemic funding with the primary objective to keep workers employed.
>
> New Paragraph 37: Plaintiff was a person intended to be benefitted from the grants the Defendant received from the federal government.

4

Harris's response brief makes clear that the above-noted amendments are intended to remedy the deficiencies in his Title VI claim noted by the Court in its prior opinion. *See* ECF No. 43 at 3-4.

General Motors argues that these amendments are insufficient and that Harris's amended Title VI claim still cannot withstand scrutiny. *See* ECF No. 41 at 4-5. Specifically, General Motors acknowledges that Harris has now alleged that the purpose of the federal aid was for employment, but takes issue with the fact that Harris "included no facts to establish *how* he is aware of this information" and "provided no specifics as to how that money was utilized except to say it was to keep workers employed." (ECF No. 41 at 5). In response, Harris argues that with his amendments he has met his burden, as "'[a]ll he must do is make allegations that might assert a cause of action and entitle him to relief.'" (ECF No. 43 at 3 (quoting *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005)).

The Court finds the allegations in Harris's complaint sufficient to support his Title VI claim. This is not the situation that General Motors describes—where a plaintiff provides "mere conclusory statements." Harris lists specific funding sources and amounts in addition to alleging that the funding was received for the primary purpose of providing employment. General Motors has not provided any case law to support the argument that Harris's failure to include facts regarding how he is aware of the purpose of the funding, or more detail as to how the money was utilized, is fatal to his claim.

The parties also do not provide the Court with any citations to Seventh Circuit cases in which a court found similar allegations to be either sufficient or insufficient to plead a Title VI claim. However, the Court notes that district courts in other circuits have found analogous allegations to be sufficient. For example, in *Rogers v. Board of Education of Prince George's County*, the court found a plaintiff's allegations that Maryland's public schools had received

5

federal funding "for the express purpose of creating jobs and maintaining existing ones" to "suffice to state a claim that a primary purpose of the federal financial assistance was to provide employment." 859 F. Supp. 2d 742, 752 (D. Md. 2012). And in *Sims v. Unified Government of Wyandotte County*, the court similarly found sufficient a plaintiff's allegation that federal funds "were provided for the purpose of facilitating employment," adding that the plaintiff was "entitled to the benefit of discovery on the issue of whether the [defendant] is a recipient of federal financial assistance within the meaning of Title VI." 120 F. Supp. 2d 938, 956 (D. Kan. 2000).

The Court finds these out-of-circuit opinions to be persuasive. The Court will only dismiss a claim where a plaintiff has pled no facts in support of the theory of recovery that would entitle him or her to relief. Harris has pled that (1) General Motors was the recipient of federal funds, *see* ECF No. 39 ¶¶ 32-33; (2) these funds were received for the primary purpose of employment, *see id.* 39 ¶¶ 32-33; and (3) General Motors discriminated against him in his employment on the basis of his race, *see id* 39 ¶¶ 35, 47. These allegations satisfy the Seventh Circuit's pleading standard for Title VI claims. *See Crow Dog v. City of Indianapolis*, 2005 WL 643363, at *5 (S.D. Ind. Mar. 18, 2005) (citing *Ahern v. Bd. Of Educ. Of City of Chicago*, 133 F.3d 975, 976-78 (7th Cir. 1998)).

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 41) is DENIED.

SO ORDERED on February 11, 2026.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT